IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CONNIE BAKER, INDIVIDUALLY AND § <br> AS THE SUCCESSION REPRESENTATIVE § <br> OF CHAISE J. RICHARD § <br> § <br> Plaintiff § <br> § <br> V. § <br> § <br> HELMERICH & PAYNE, INC. § <br> § <br> Defendants. § | | C.A. NO. 05-22 |

United States Courts
Southern District of Texas
FILED

FEB 14 2005

Michael N. Milby, Clerk of Court

### DEFENDANT HELMERICH & PAYNE, INC.'S ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT

To the Honorable Judge of the United States District Court:

Defendant, Helmerich & Payne, Inc., files this original answer to plaintiff's complaint and would respectfully show the Court as follows:

### FIRST DEFENSE

1. Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant asserts the defense that plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

2. Pursuant to Federal Rule of Civil Procedure 12(b)(7), defendant asserts the defense that plaintiff has failed to join a party who is indispensable and whose interest is such that the person's absence may leave defendant subject to substantial risk of incurring double or multiple or otherwise inconsistent obligations.

## **THIRD DEFENSE**

Subject to and without waiving the foregoing, defendant answers the specific allegations of plaintiff's complaint as follows:

3. No response is needed to paragraph I of the plaintiff's complaint. However, to the extent any response is required, the allegations are denied.

4. Defendant is without sufficient information to admit or deny the allegations in paragraph II of plaintiff's complaint.

5. Defendant admits the allegations in paragraph III of plaintiff's complaint.

6. Defendant is without sufficient information to admit or deny the allegations in paragraph IV of plaintiff's complaint.

7. Defendant denies the allegations in paragraph V of plaintiff's complaint.

8. Defendant denies the allegations in paragraph VI of plaintiff's complaint.

9. Defendant denies the allegations in paragraph VII of plaintiff's complaint.

10. Defendant denies the allegations in paragraph VIII of plaintiff's complaint.

11. Defendant denies the allegations in paragraph IX of plaintiff's complaint.

12. Defendant denies that plaintiff is entitled to the relief sought in the prayer for relief.

13. Defendant denies that plaintiff has the capacity to bring suit as a representative of the estate. Plaintiff has not pled or otherwise provided information to show her status as the representative of the estate.

14. Any allegations not expressly admitted to herein are denied.

## FOURTH DEFENSE

15. Alternatively, Chaise Richard's accident and death were caused by his own comparative fault and/or negligence sufficient to bar or diminish the recovery of plaintiff in this case.

## FIFTH DEFENSE

16. Alternatively, Chaise Richard's accident and death were caused by the fault and/or negligence of third parties and/or others for whom defendants are not responsible including the negligence of employees of Chaise Richard's employer, Tong Specialty LLC.

## SIXTH DEFENSE

17. Under the law applicable to plaintiff's claim plaintiff is not the proper representative of the estate of Chaise Richard and has no standing to bring a claim on behalf of the estate.

## SEVENTH DEFENSE

18. Helmerich & Payne Inc. is not a proper defendant in this case. Helmerich & Payne Inc. did not own or operate the drilling rig identified by plaintiff in plaintiff's complaint and can have no responsibility whatsoever for the actions of other parties, including the plaintiff's employer.

## EIGHTH DEFENSE

19. Defendant invokes its rights under the Due Process and Equal Protection clauses of the United States Constitution, made applicable under the Fourteenth Amendment, and pleads that punitive damages are unconstitutional as they violate due process and equal protection rights guaranteed by the United States Constitution as they

can be assessed:

    a)    In assessing such sums, the discretion of the jury need only be based on a vote of ten (10) jurors and does not require a unanimous verdict;

    b)    In assessing such penalty or exemplary awards, plaintiff need only prove the theory of gross negligence by a "clear and convincing evidence" standard and not based upon a "beyond a reasonable doubt" standard, as should be required in assessing punishment awards;

    c)    Persons who may be subject to such punitive awards do not have a right to refuse to testify against themselves either live at trial, or in a deposition pursuant to proper notice, thus violating rights guaranteed by the United States Constitution;

    d)    The assessment of such a punishment and/or exemplary award is not based upon a clearly defined statutory enactment setting forth a specific underlying *mens rea* requirement and/or prerequisites of a criminal fine and, in effect, allows the assessments of such awards even though there are no specific standards, limits or other statutory requirements set forth which define the *mens rea*, scope and limit of such awards. Therefore, the awards are unduly vague and do not meet the requirements of due process;

    e)    Such damages subject defendants to all the hazards and risks of what is, in actuality, a fine at a time when such defendants are denied the basic rights afforded a criminal defendant subjected to possible criminal penalties;

    f)    The assessment of punitive and/or exemplary damages differs from defendant to defendant and treats similar defendants in different ways.

20.    Accordingly, defendant invokes rights under the Eighth and Fourteenth Amendments to the United States Constitution and respectfully requests that the Court disallow the award of punitive and/or exemplary damages inasmuch as such awards would violate defendant's rights guaranteed by the United States Constitution and the Texas Constitution.

21.    Defendant pleads that punitive and/or exemplary damages are unconstitutional and that they violate the Eighth Amendment of the United States Constitution, as well as Articles 1 and 13 of the Constitution of the United States, and

that such remedies constitute an imposition of excessive fines and are an infliction of cruel and unusual punishment.

22. Defendant further pleads that the imposition of punitive and/or exemplary damages is unconstitutional and that such awards would violate the due process and equal protection guarantees of the United States Constitution, 4th, 5th, 6th and 14th Amendments, as well as article 1 sections 3 and 19 of the Texas Constitution, and that such remedies constitute a deprivation of property and protected interest without fundamentally fair proceedings and safeguards of procedural due process.

23. Defendant further invokes its rights under the 5th Amendment to the United States Constitution, which guarantees that no person shall be deprived of property without due process of law that, as noted in the preceding paragraph, would be denied by the imposition of punitive and/or exemplary damages.

24. The damages alleged by plaintiff, were not proximately caused by an agent of defendant acting within the scope of his agency or by a vice-principal of defendant. Defendant cannot, therefore, be liable for punitive damages.

25. To the extent plaintiff has alleged that it is entitled to recover punitive damages, Texas law, including CPRC § 41.001 et seq., limits and restricts plaintiff's claims for punitive or exemplary damages.

### NINTH DEFENSE

26. Additionally and/or in the alternative defendant alleges that the conduct of third parties, including Chaise Richard's employer, Tong Specialty LLC, was the sole, proximate and/or producing cause of plaintiff's alleged damages. Defendant alleges that

Tong Specialty LLC is a responsible third party as that the is known under the Texas Civil Practices and Remedies Code, Chapter 33 et. seq.

### TENTH DEFENSE

27. Defendant alleges that because plaintiff's suit is couched in conclusory terms, defendant cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such defenses are applicable, is hereby reserved.

### PRAYER

Wherefore, premises considered, defendant, Helmerich & Payne Inc., respectfully requests that, upon trial hereof, defendant have judgment that plaintiff take nothing by reason of plaintiff's complaint and that judgment be rendered in favor of defendant. Defendant further prays that it be awarded its costs of suit incurred in this action and that it be awarded such other and further relief, at law and at equity, to which they may show themselves justly entitled.

                          Respectfully submitted,
                          ADAMS AND REESE LLP

                          By: _____
                              Christopher L. Evans
                              State Bar No. 06710500
                              Federal I.D. 585
                              1221 McKinney, Suite 4400
                              Houston, Texas 77010
                              Telephone: (713) 652-5151
                              Facsimile: (713) 652-5152
                              Attorney-in-Charge for defendant
                              Helmerich & Payne

**OF COUNSEL:**
**ADAMS AND REESE LLP**
Mario Martinez
State Bar No. 24013110

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been forwarded to the following counsel by hand delivery and/or regular or certified mail, return receipt requested and/or other method available under the Federal Rules of Civil Procedure on this 11th day of February, 2005.

William N. Gee, III
William N. Gee, III, Ltd.
Post Office Drawer 52048
Lafayette, LA  70505-2048

Christopher L. Evans